PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
___ LODGED
___ RECEIVED

**September 21, 2007**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| In re:<br><br>DONALD WEHMEYER,<br><br>               Debtor. | Case No. 03-52468<br><br>**MEMORANDUM DECISION**<br><br>**NOT FOR PUBLICATION** |

This matter came on for hearing on August 23, 2007, on Donald Wehmeyer's (Debtor) Motion for Relief from Order Authorizing Sale of the Debtor's Interest in Real Property Pursuant to FRCP 60(b). Based on the pleadings, evidence and arguments of counsel, the Court's findings of fact and conclusions of law are as follows:

**FINDINGS OF FACT**

The Debtor filed a Chapter 7 petition for relief on December 9, 2003. After the Debtor received a discharge, the case was closed on March 23, 2004. On November 9, 2004, the case was reopened on the Chapter 7 Trustee's (Trustee) motion to allow him to administer an asset that he did not believe had been previously disclosed--the Debtor's interest in his deceased mother's trust consisting primarily of a parcel of improved real property (Trust Property). On April 13, 2007, the Trustee filed a motion to authorize the sale of the Debtor's

MEMORANDUM DECISION - 1

interest in the Trust Property. Service was made on parties listed in the Debtor's mailing matrix, including the Debtor and his then attorney, at the addresses on file with the U.S. Bankruptcy Court. As set forth in the Trustee's motion, because the shares to the Trust Property are held by three siblings under the Revocable Trust of Josephine Wehmeyer (1992 Trust), the Debtor's share was estimated to have a value of approximately $44,000. The Trustee sought to approve the sale of the Debtor's interest for $50,000 to the Debtor's brother Dale Wehmeyer. On May 7, 2007, the Court approved the sale without objection.

There is no dispute that the three siblings were and currently are in litigation over the Trust Property. At issue have been two revocable trusts: the 1992 Trust and a second revocable trust of Josephine Wehmeyer dated May 2, 2000 (2000 Trust). In 2002, the Debtor and his sister brought an action in the Superior Court of California regarding the validity of the 2000 Trust. A judgment declaring the 2000 Trust invalid was entered on August 30, 2005, and after an appeal was dismissed in 2006, a Remittitur was issued on December 27, 2006.

On or about February 21, 2007, the Trust Property was listed for sale by the trustee of the 1992 Trust for $2,950,000. A contract to sell the Trust Property was entered into on March 16, 2007, for $2,600,000. Litigation regarding the 1992 Trust commenced on July 17, 2007. Subsequently, a lis pendens was filed and recorded on the Trust Property. As stated in the Declaration of Vikram Brar, state court counsel for Dale Wehmeyer, if the plaintiff in the current civil action prevails, the Trust Property will not belong to the 1992 Trust. Mr. Brar also states it is still not clear what the Debtor's interest in the 1992 Trust is worth at this time.

## CONCLUSIONS OF LAW

As grounds for relief from the Court's May, 2007 order, the Debtor alleges mistake, inadvertence or excusable neglect, under Fed. R. Civ. P. 60(b)(1); newly discovered

evidence, under Fed. R. Civ. P. 60(b)(2); fraud, misrepresentation, or other misconduct, under Fed. R. Civ. P. 60(b)(3); and any other reason justifying relief from the judgment, under Fed. R. Civ. P. 60(b)(6). The burden of proof is on the Debtor to establish grounds for Fed. R. Civ. P. 60(b) relief. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

**1.     Fed. R. Civ. P. 60(b)(1), mistake, inadvertence or excusable neglect:**

The Debtor argues that relief from the Court's May, 2007 order is warranted due to mistake or excusable neglect by (1) the Debtor himself in failing to maintain a current address with the Bankruptcy Court and in assuming his bankruptcy counsel would be monitoring the case; (2) the Debtor's bankruptcy counsel in failing to notify the Debtor of the Trustee's motion and/or take action on the motion, and (3) the Trustee in failing to verify the Debtor's correct current address and failing to inform the Debtor's California counsel about the motion and/or consult with him regarding the value of the Trust Property.

Fed. R. Bankr. P. 4002(a)(5) requires a debtor to file a statement of any change of the debtor's address. Under Fed. R. Bankr. P. 9010, a party may appear in a bankruptcy case, and the party's attorney appearing on its behalf must file a notice of appearance. When "inadvertent conduct leads to a judgment, a claim of mistake or excusable neglect will always fail if the facts demonstrate a lack of diligence." 12 James Wm. Moore et al., Moore's Federal Practice § 60.41[1][c][ii] (3d ed. 2007). "Ignorance of, or inattention to, procedural law is not usually excusable neglect." Moore et al., supra, § 60.41[1][c][iii].

The Debtor does not dispute that he failed to update his last address with the Bankruptcy Court, as he no longer resides at the address provided in his bankruptcy petition. Similarly, the Debtor has provided no evidence that he kept his bankruptcy counsel current as to changes in his residential address. The Debtor's lack of diligence and inattention to his

MEMORANDUM DECISION - 3

duty to inform the Bankruptcy Court of his current address does not constitute mistake or excusable neglect.  Additionally, because the certificate of service indicates that the Debtor was served at his address on record with the Clerk of the Court, absent contrary information, it would not have been unreasonable for bankruptcy counsel and the Trustee to assume the Debtor received notice of the Trustee's motion.  That the Debtor's residence was previously subject to an Order Granting Relief from Stay does not change this conclusion, as such relief does not mean that a foreclosure or other disposition of his residential property necessitating his relocation took place.

The Debtor further argues it was mistake or excusable neglect for his bankruptcy counsel to fail to take action on the Trustee's motion.  Yet, the Trustee's motion indicates that the value of the Debtor's estimated interest in the Trust Property was approximately $44,000, but that the estate would receive $50,000 for this asset.  Absent evidence that bankruptcy counsel had knowledge that the asset was worth more than this amount, there is no basis to conclude that bankruptcy counsel's failure to oppose the Trustee's Motion was a mistake or negligence.

Additionally, the Debtor has provided no evidence that it was, or is, the Trustee's duty to verify that the last address provided by a debtor for purposes of mailing notices concerning disposition of assets of the estate is correct.  This duty, as set forth in Fed. R. Bankr. P. 4002(a)(5), lies only with the Debtor.  Even if the Trustee knew of the Debtor's new address, he "would be required to serve the debtor at an incorrect prior address absent the filing of a statement of new address."  9 L. King, Collier on Bankruptcy ¶ 4002.06, p. 4002-16 (15th ed. rev. 2007).  At the same time, had Debtor's California counsel wanted to be kept informed of

MEMORANDUM DECISION - 4

the bankruptcy proceedings and the disposition of assets of the estate all that was needed was for him to file a notice of appearance. This was not done.

The only persuasive evidence in the record with respect to the Trustee not consulting California counsel on the Trust Property's value--the Trustee's Objection to Motion for Relief from Order and supporting Declaration--concludes that according to the current litigation status, the 1992 Trust was not required to sell the Trust Property and distribute the funds. Thus, at the time of his decision to sell the Debtor's interest, the Trustee could not say with certainty that any value would be available for the estate within a reasonable time. When the Trustee received Dale Wehmeyer's offer, the Trustee's declaration indicated that he reviewed the case again at length as well as the voluminous pleadings. The Trustee decided that any payout to the estate had been delayed so long that accepting the offer and starting the sale process was good for the estate. The Trustee believed that if the price offered was in fact not in the best interest of the estate, someone would object to the sale or bid higher. No one objected, and notably, the Court has not received any competing bids.

The Debtor has presented the $2,600,000 sales price of the Trust Property as evidence of the value of his interest in the Property. However, as the Trustee's and Mr. Brar's declarations indicate, the ultimate value of the Debtor's interest in the Trust Property remains to be determined by the ongoing litigation and application of the terms of the 1992 Trust. Thus, the Debtor has provided no evidence that his interest is more or less than the $50,000 offered by Dale Wehmeyer and authorized by the Court. It is also noteworthy that the Debtor or other interested parties have not even now conditionally offered more than the Trustee received.

MEMORANDUM DECISION - 5

### 2. Fed. R. Civ. P. 60(b)(2), newly discovered evidence:

The Debtor appears to suggest that the California Superior Court's Judgment of August 30, 2005, declaring the 2000 Trust invalid and thereby altering how the Trust Property is divided among the three siblings, is newly discovered evidence of the Debtor's percentage interest in the Trust Property.

The Debtor has not demonstrated that he is entitled to relief under this provision, as he has not established that at the time of the Trustee's motion, the evidence could not have been discovered through due diligence, or that the evidence was of such magnitude that production of it earlier would have been likely to change disposition of the case. Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990). This analysis also applies to the allegation that the listing and sales price of the Trust Property constitutes newly discovered evidence as to the value of the Debtor's interest in the Trust Property. As previously stated, even though the Trust Property was listed for a sales price of over $2 million, there is no evidence regarding what amount, if any, will be available for the Debtor after state court litigation and application of the terms of the 1992 Trust.

### 3. Fed. R. Civ. P. 60(b)(3), fraud, misrepresentation, or other misconduct:

The Debtor must establish by clear and convincing evidence that the Court's May, 2007, sale order was obtained through fraud, misrepresentation, or other misconduct. De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000). The Debtor alleges that Dale Wehmeyer misrepresented to the Trustee the value of the Trust Property. The Debtor, however, has provided no evidence in support of this allegation. There is no evidence of what Dale Wehmeyer knew or said to the Trustee concerning the value of the Trust Property at the time he made the offer to the Trustee; there is no evidence that the

Trustee relied on his statements when he represented to the Court that that the Debtor's share would amount to approximately $44,000; and there is no evidence that Dale Wehmeyer made a false statement to the Trustee knowing that it was false.

Moreover, it is notable that the party against whom the Debtor alleges was the object of fraud/misrepresentation has not alleged fraud. In fact, the Trustee opposed the Debtor's Motion for Relief from Order, and the facts as set forth in the Trustee's Objection and Declaration make no suggestion of misrepresentation or fraud by Dale Wehmeyer.

**4.    Fed. R. Civ. P. 60(b)(6)**:

This catchall provision only applies when there are reasons for relief other than those set out in the more specific clauses of Fed. R. Civ. P. 60(b), and when there are "extraordinary circumstances" justifying relief. Moore et al., supra page 3, § 60.48[1]. "The party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002).

In this instance, the Debtor failed to notify the Bankruptcy Court of his current address, and California counsel failed to enter an appearance. Relief under Fed. R. Civ. P. 60(b)(6) requires a demonstration of both injury and extraordinary circumstances beyond the Debtor's control that prevented him from participating in the Trustee's sale of the Trust Property. The Debtor has established neither. Any alleged injury occurring because of a lack of notice or participation stems from the Debtor's own actions. Furthermore, the Debtor has yet to establish that the Trust Property's value is greater than the amount estimated by the Trustee. Nor has the Debtor established or provided evidence of negligence, let alone gross

MEMORANDUM DECISION - 7

negligence, by either the Trustee or his former bankrupcy counsel, as is required by the Ninth Circuit for relief under this provision. Cmty. Dental Servs., 282 F.3d at 1169.

As of the date of the hearing, the Debtor has not met his burden of proof or provided evidence sufficient for relief under Fed. R. Civ. P. 60(b), and his motion is denied.

DATED: September 21, 2007

_Paul B. Snyder_
Paul B. Snyder
U.S. Bankruptcy Judge

MEMORANDUM DECISION - 8